# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHONG THI VU; CUC THI TRUONG; HUE THI NGUYEN; and HONG XUAN BUI,<br><br>Petitioners,<br><br>vs.<br><br>ALEJANDRO N. MAYORKAS; U.S. CITIZENSHIP AND IMMIGRATION SERVICE; DEPARTMENT OF HOMELAND SECURITY; and DOES 1–10,<br><br>Respondents. | CASE NO. 12CV1933 JLS (BLM)<br><br>**ORDER GRANTING PETITIONERS' MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(ECF Nos. 2–5) |

Presently before the Court are Petitioners Hong Xuan Bui's ("Bui"), Hue Thi Nguyen's ("Nguyen"), Cuc Thi Truong's ("Truong"), and Phong Thu Vu's ("Vu," and collectively, "Petitioners") Motions to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 2–5) Petitioners have submitted a civil action seeking a writ of mandamus compelling Respondents to adjudicate their applications for citizenship. (Pet., ECF No. 1)

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that the party is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

**1. Bui's IFP Motion**

Bui is not currently employed, and indicates that he has never been employed. (Bui IFP Mot. 2, ECF No. 2)  Bui receives $180.00 in food stamps, but has no checking or savings accounts, nor does he own a vehicle.  (*Id.*)  In terms of debts, Bui indicates that he has borrowed a total of $15,000 from his daughter to pay for living expenses, borrowed over time at a rate of $300 per month since 2005.  (*Id.* at 3)  Based on the information provided, the Court finds that Bui is unable to pay the required filing fee.  Accordingly, Bui's motion to proceed IFP is **GRANTED**.

**2. Nguyen's IFP Motion**

Nguyen is not currently employed, and indicates that he has never been employed. (Nguyen IFP Mot. 2, ECF No. 3)  Nguyen receives $180.00 in food stamps, but has no checking or savings accounts, nor does he own a vehicle.  (*Id.*)  In terms of debts, Nguyen indicates that he has borrowed $12,000 from his daughter to pay for living expenses, borrowed over time at a rate of $200 per month since 2005.  (*Id.* at 3)  Based on the information provided, the Court finds that Nguyen is unable to pay the required filing fee.  Accordingly, Nguyen's motion to proceed IFP is **GRANTED**.

**3. Truong's IFP Motion**

Truong is not currently employed, and indicates that he has never been employed. (Truong IFP Mot. 2, ECF No. 4)  Truong's only source of money is a monthly loan from his sisters amounting to $650 per month.  (*Id.*)  He has no checking or savings accounts, nor does he own a vehicle.  (*Id.*)  His debts include the loan from his sisters, and another $650 per month loan from sharing a room since 2009.  (*Id.* at 3)  Based on the information provided, the Court finds that Truong is unable to pay the required filing fee.  Accordingly, Truong's motion to proceed IFP is **GRANTED**.

**4. Vu's IFP Motion**

Vu is not currently employed, and indicates that he has never been employed.  (Vu IFP Mot. 2, ECF No. 5)  Vu receives $860 per month in Social Security Disability payments, but has no checking or savings accounts, nor does he own a vehicle.  (*Id.*)  In terms of debts, Vu indicates that he owes $500 per month in rent, and $100 per month in utilities.  (*Id.* at 3)  Based on the

1  information provided, the Court finds that Vu is unable to pay the required filing fee.
2  Accordingly, Vu's motion to proceed IFP is **GRANTED**.

### INITIAL SCREENING

4  Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id.* at 1127; *Calhoun*, 254 F.3d at 845; *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

In this case, Petitioners seek an order compelling Respondents to adjudicate their N-648 exemption from citizenship testing requirements and citizenship applications. (*See generally* Pet., ECF No. 1) The Court finds that Plaintiff's claim is sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2). *See, e.g.*, *Independence Mining Co. v. Babbitt*,

105 F.3d 502, 507 (9th Cir. 1997) ("[T]he APA allows a court to compel 'agency action unlawfully withheld or unreasonably delayed.'" (quoting 5 U.S.C. § 706(1))). Petitioners are not challenging what action the agency has taken or will take, but rather the agency's failure to take any action whatsoever. *See id.* at 507 n.6 ("[A]t some level, the government has a general, non-discretionary duty to process the applications in the first instance. . . . In other words, even if the acts were discretionary, the [agency] cannot simply refuse to exercise his discretion." (citations omitted)). Therefore, Petitioners are entitled to U.S. Marshal service on their behalf. *See Lopez*, 203 F.3d at 1126–27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Petitioners are cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

For reasons stated above, the Court **GRANTS** Petitioners' motions to proceed IFP pusuant to 28 U.S.C. § 1915(a). The Clerk shall issue a summons as to the Petition (ECF No. 1) upon Respondents and shall forward it to Petitioners along with a blank U.S. Marshal Form 285 for each Respondent. In addition, the Clerk shall provide Petitioners with a certified copy of this Order and a certified copy of the Petition and the summons. Upon receipt of this "IFP Package," Petitioners are directed to complete the forms as completely and accurately as possible, and to return them to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying this IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Petition and summons upon Respondents as directed by Petitioners on the forms. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

Respondents shall reply to the Petition within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). Petitioners shall serve upon Respondents or, if appearance has been entered by counsel, upon Respondents' counsel, a copy of every further

1  pleading or other document submitted for consideration of the Court. Petitioners shall include
2  with the original paper to be filed with the Clerk of the Court a certificate stating the manner in
3  which a true and correct copy of any document was served on the Respondents or counsel of
4  Respondents and the date of service. Any paper received by a district judge or magistrate judge
5  which has not been filed with the Clerk or which fails to include a Certificate of Service may be
6  disregarded.

7  **IT IS SO ORDERED.**

9  DATED: August 21, 2012

10  *Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge