UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHONG THI VU, CUC THI TRUONG, HONG XUAN BUI, HUE THI NGUYEN,<br><br>Petitioners,<br><br>vs.<br><br>ALEJANDRO N. MAYORKAS, DOES 1-10, U.S. CITIZENSHIP AND IMMIGRATION SERVICE, DEPARTMENT OF HOMELAND SECURITY<br><br>Respondents. | CASE NO. 12CV1933 JLS (BLM)<br><br>**ORDER (1) GRANTING MOTION TO DISMISS COMPLAINT AS MOOT; AND (2) DENYING MOTION TO AMEND COMPLAINT**<br><br>(ECF Nos. 12, 26) |

Petitioners Phong Thi Vu ("Vu"), Cuc Thi Truong ("Truong"), Hong Xuan Bui ("Bui"), and Hue Thi Nguyen's ("Nyugen," and collectively, "Petitioners") bring this action for a writ of mandamus to compel U.S. Citizenship and Immigration Services ("USCIS") to process their applications for naturalization. Petitioners filed this suit on August 6, 2012. Less than three months later, on October 29, 2012, USCIS denied Petitioners' naturalization applications. Respondents Alejandro N. Mayorkas, USCIS, and the Department of Homeland Security (collectively, "the Government") then moved to dismiss Petitioners' complaint for lack of subject matter jurisdiction, arguing that this case is moot because Petitioners obtained the only remedy that they sought in their complaint. Petitioners subsequently moved for leave to file an amended complaint to

invoke this Court's exclusive jurisdiction to adjudicate their naturalization applications pursuant to 8 U.S.C. § 1447(b), as well as to raise constitutional and statutory challenges to USCIS policies and practices.

Presently before the Court are the Government's Motion to Dismiss Complaint as Moot, (Mot. to Dismiss, ECF No. 12), and Petitioners' Motion to Amend Complaint (Mot. to Amend, ECF No. 26). Also before the Court are the associated oppositions and replies. (Resp. in Opp'n to Mot. to Dismiss, ECF No.24; Reply in Supp. of Mot. to Dismiss, ECF No. 27; Resp. in Opp'n to Mot. to Amend, ECF No. 28; Reply in Supp. of Mot. to Amend, ECF No. 32). The motion hearings set for March 14, 2013 and April 4, 2013, respectively, were vacated and the matters taken under submission on the papers pursuant to Civil Local Rule 7.1(d)(1). Having considered the parties' arguments and the law, the Court **GRANTS** the Government's motion to dismiss and **DENIES** Petitioners' motion for leave to amend.

## BACKGROUND

Petitioner Vu is a citizen of Vietnam and has been a lawful permanent resident of the United States since November 16, 1990. On May 14, 2010, Vu filed an application for naturalization with USCIS. At the time she filed her application, Vu also filed a Form N-648, "Medical Certification for Disability Exception," seeking an exception to the English language and U.S. history and civics requirements for naturalization prescribed by 8 U.S.C. § 1423. Vu appeared for an initial interview with USCIS on August 4, 2010. At the interview, the USCIS officer determined that Vu's Form N-648 was incomplete and rejected her request for a medical waiver. A second interview was held on October 18, 2010 and Vu submitted a second Form N-648 at this time. The USCIS officer again rejected the request on the ground that it was inconsistent with Vu's testimony regarding her disabilities. A third and final interview was held on January 3, 2011. The USCIS officer attempted to place Vu under oath and to conduct the English language and U.S. history and civics portions of the naturalization exam. Vu was unable to understand, or respond to, the USCIS officer in

English and therefore failed to meet these requirements. Vu subsequently requested to withdraw her naturalization application.

Petitioner Truong is also a citizen of Vietnam and a lawful permanent resident of the United States. Truong filed a naturalization application on April 14, 2010, and appeared at an initial interview with USCIS on July 16, 2010. At her interview, Truong submitted a Form N-648, which the USCIS officer rejected as incomplete and inadequate. Truong was administered the English language and U.S. history and civics portions of the naturalization exam, but she was unable to respond to the USCIS officer in English and thus did not pass. On August 25, 2010, Truong submitted a second Form N-648, which USCIS also rejected. A second interview was scheduled for Truong on October 14, 2010, but she did not appear.

Petitioner Nguyen is also a citizen of Vietnam and a lawful permanent resident of the United States. Nguyen submitted a naturalization application on November 8, 2010. At her initial interview with USCIS on March 10, 2011, Nguyen submitted a Form N-648, which USCIS rejected as incomplete and inadequate. Nguyen was administered the English language and U.S. history and civics portion of the naturalization exam, but she was unable to understand, or respond to, the USCIS officer in English and consequently failed the exam. Nguyen appeared for a second interview with USCIS on May 10, 2011, and submitted a second Form N-648, which USCIS also rejected. Ngyuen was administered the exam for a second time and again failed to pass.

Petitioner Bui is also a Vietnamese citizen and lawful permanent resident of the United States. Bui filed an application for naturalization on November 11, 2010, and appeared for an interview with USCIS on March 10, 2011. At his interview, he presented a Form N-648, which USCIS rejected as incomplete and inadequate. USCIS provided Bui with a second interview, on May 10, 2011, at which time Bui submitted a second Form N-648. Bui's N-648 request was again rejected and the USCIS officer proceeded to administer the English language and U.S. history and civics portion of the naturalization exam to Bui. Bui was unable to understand or respond to the USCIS

officer in English and thus failed to pass the exam.

On August 6, 2012, Petitioners filed suit in this Court. (Compl., ECF No. 1). Petitioners sought a writ of mandamus compelling USCIS to adjudicate their naturalization applications. (*Id.* at ¶ 1). Petitioners invoked the Court's subject matter jurisdiction under 28 U.S.C. § 1331, the statutory grant of federal question jurisdiction, as well as 28 U.S.C. § 1361, the mandamus statute. (*Id.* at ¶ 5). Petitioners sought relief under the Due Process Clause of the U.S. Constitution's Fifth Amendment, 8 U.S.C. § 1101 *et seq.*, the Immigration and Nationality Act, as well as 28 U.S.C. § 2201, the Declaratory Judgment Act, and 28 U.S.C. § 1651, the All Writs Act. (*Id.* at ¶ 6).

On October 29, 2012, USCIS denied Petitioners' applications, citing Petitioners' inability to meet the educational requirements for naturalization or to provide complete and adequate N-648 waivers exempting them from those requirements. (*See* Exs. A-D, Mot. to Dismiss, ECF No. 12). Petitioners appealed the denial of their applications by requesting a hearing before a USCIS officer, as provided by 8 U.S.C. § 1447(a) and 8 C.F.R. § 336.2. (Ex. A, Resp. in Opp'n to Mot. to Amend, ECF No. 28). Vu's appeal was received by USCIS on December 3, 2012, and she attended a biometrics appointment at USCIS on February 27, 2013. (*Id.* at ¶ 2). Truong's appeal was received by USCIS on December 6, 2012 and she also attended a biometrics appointment on February 27, 2013. (*Id.* at ¶ 3). USCIS received Nguyen's and Bui's appeals on February 14, 2013. (*Id.* at ¶¶ 4–5). All four appeals are currently pending with USCIS. (*Id.* at ¶ 6).

On January 3, 2013, in light of USCIS's denial of Petitioners' naturalization applications, the Government filed the motion to dismiss currently before the Court. (Mot. to Dismiss, ECF No. 12). On February 25, 2013, Petitioners filed an amended complaint, requesting that this Court review their naturalization applications *de novo* pursuant to 8 U.S.C. § 1447(b), challenging USCIS's practices with respect to the handling of N-648 requests for medical waiver, and also seeking to enjoin USCIS from

proceeding with Vu and Truong's February 27, 2013 appointments. On February 26, 2013, the Court denied the request for injunctive relief and—because the amended complaint was filed without leave of the Court in violation of Rule 15(a)(2)—struck the amended complaint from the docket. (Order, ECF No. 25). On February 27, 2013, Petitioners filed the motion for leave to amend the complaint that is currently before the Court. (Mot. to Amend, ECF No. 26).

## DISCUSSION

**1. Motion to Dismiss**

The Government moves to dismiss Petitioners' complaint on the ground that this case is moot and no longer presents a justiciable case or controversy. (Mot. to Dismiss 1, ECF No. 12). According to the Government, USCIS adjudicated and denied Petitioners naturalization applications on October 29, 2012 and thus effectively provided Petitioners with the relief that they sought in their complaint. (*Id.*)

Petitioners contend, however, that their proposed amended complaint cures any jurisdictional defect by explicitly requesting that this Court exercise its exclusive jurisdiction to adjudicate their naturalization applications under 8 U.S.C. § 1447(b), which provides for judicial intervention in the naturalization process when USCIS fails to act on an application within 120 days. (Resp. in Opp'n to Mot. to Dismiss 3, ECF No. 24). Petitioners also contend that their amended complaint raises constitutional and statutory challenges to USCIS's evaluation of medical waiver requests that this Court has jurisdiction to entertain pursuant to 28 U.S.C § 1331. (*Id.* at 19–21). After providing an overview of the naturalization process, the Court proceeds to consider each of Petitioners' arguments in turn.

*A. Overview of the Naturalization Process*

In general, an alien is eligible to apply for naturalization if he meets the following criteria, established by statute and regulation: (1) be at least 18 years of age; (2) have been lawfully admitted as a permanent resident of the United States; (3) have resided continuously within the United States for a period of at least five years after having

been lawfully admitted for permanent residence; (4) have been physically present in the United States for at least 30 months of the five years preceding the date of filing the application; (5) immediately preceding the filing of an application, have resided for at least three months in a State having jurisdiction over the applicant's actual place of residence; (6) have resided continuously within the United States from the date of application for naturalization up to the time of admission to citizenship; (7) have been and continue to be a person of good moral character, attached to the principles of the Constitution of the United States, and favorably disposed toward the good order and happiness of the United States. *See* 8 U.S.C. §§ 1427, 1445; 8 C.F.R. § 316.2.  In addition, applicants for naturalization typically "must demonstrate an understanding of the English language, including the ability to read, write, and speak words in ordinary usage." *Sawan v. Chertoff*, Civil Action No. H-08-1550, 2008 WL 3852475 at *2 (S.D. Tex. August 14, 2008) (citing 8 U.S.C. § 1423(a)(1)).  Applicants must also usually "demonstrate a knowledge and understanding of the fundamentals of United States history, and of the principles and form of the United States government." *Id.* (citing 8 U.S.C. § 1423(a)(2)).

An applicant initiates the administrative naturalization process by submitting an application for naturalization, known as a Form N-400.  8 C.F.R. § 334.2.  Next, the applicant must undergo an investigation, which includes a criminal background check conducted by USCIS in cooperation with federal law enforcement authorities.  § 335.1.  Once the investigation is complete, the applicant must attend an interview with a USCIS officer that usually includes an oral examination that tests the applicant's English literacy and knowledge of U.S. history and government.  § 335.2.  Finally, if USCIS grants the application, the applicant takes an oath of allegiance to the United States.  § 337.1.  Once the oath has been administered, USCIS provides the applicant with his certificate of naturalization.  § 338.1.

///

///

**B. Jurisdiction to Review Petitioners' Naturalization Applications De Novo**

"Judicial review in the area of immigration 'is narrowly circumscribed.'" *Li v. INS*, No. 00 Civ. 7868, 2003 WL 102813 at *4 (S.D.N.Y. Jan. 10, 2003) (quoting *Langer v. McElroy*, No. 00 Civ. 2741 (RWS), 2002 WL 31789757 (S.D.N.Y. Dec. 13, 2002)). There are only "'two specific points at which a district court may intervene in the naturalization process.'" *Id.* (quoting *Langer,* 2002 WL 31789757 at *2). First, 8 U.S.C. § 1447(b) provides that if USCIS fails to adjudicate a naturalization application within 120 days, the applicant may apply to the district court in the district in which he resides to conduct a *de novo* hearing on the application. *See Walji v. Gonzales*, 500 F.3d 432, 436–48 (5th Cir. 2007) (holding that the 120-day period runs from the date of the applicant's initial interview with USCIS). The district court may then adjudicate the application itself or remand the matter to USCIS with specific instructions. 8 U.S.C. § 1447(b). Second, if USCIS denies a naturalization application, and "that denial is confirmed after an administrative appeal consisting of a hearing before a . . . [USCIS] officer . . . [then] the disappointed applicant may seek *de novo* judicial review in the United States district court for the district in which he resides." *Langer*, 2002 WL 31789757 at *2.

*(1) Judicial Review of USCIS Inaction Pursuant to § 1447(b)*

The Ninth Circuit has held that, when an applicant for naturalization seeks judicial review pursuant to § 1447(b) when USCIS has failed to adjudicate his application within 120 days, the district court's jurisdiction is exclusive. *U.S. v. Hovsepian*, 359 F.3d 1144, 1159 (9th Cir. 2004); *see also Bustamante v. Napolitano*, 582 F.3d 403, 406 (2nd Cir. 2009); *Etape v. Chertoff*, 497 F.3d 379, 383–84 (4th Cir. 2007). Accordingly, once a naturalization applicant seeks review under § 1447(b), USCIS is stripped of jurisdiction and any subsequent decision by USCIS regarding the application is invalid. *Id.* at 1161.

Nonetheless, in *U.S. v. Hovsepian*, the Ninth Circuit made clear that exclusive jurisdiction under § 1447(b) vests with the district court only when a petitioner

"properly invokes" the Court's authority by "[asking] the district court itself to review the naturalization application[] *de novo* . . . ." *Id.*; *see also Pichardo-Martinez v. Ashcroft*, 399 F. Supp. 2d 1043, 1046 (D. Ariz. 2005). In *Hovsepian*, the court distinguished *Sze v. INS*, 153 F.3d 1005 (9th Cir. 1998), in which petitioners filed a writ of mandamus asking the court to require the INS to "act faster" on naturalization applications, but never asked the district court itself to decide the applications. *Hovsepian*, 359 F.3d at 1161. The court in *Sze* properly dismissed petitioners' claims as moot because the only requested relief was agency action and the agency acted on the applications while the case was pending. *Id. Hovsepian* therefore indicates that a district court does not acquire exclusive jurisdiction over a naturalization application when a petitioner requests only that USCIS speed up its processing of the application, but fails to ask the court itself to adjudicate the application. *Id.; see also Pichardo-Martinez*, 399 F. Supp. 2d at 1046.

Here, Petitioners argue that their amended complaint explicitly calls for this Court to decide their naturalization applications and thus properly invokes this Court's exclusive jurisdiction under § 1447(b), rendering invalid USCIS's denial of their applications. (Resp. in Opp'n to Mot. to Dismiss 15–16, ECF No. 24). Petitioners' argument fails, however, because their original complaint sought a writ of mandamus requiring USCIS to act faster, and did not request that this Court adjudicate their naturalization applications.[1] (Compl. 1, ECF No. 1). Petitioners' August 6, 2012 complaint did not vest this Court with exclusive jurisdiction and therefore USCIS retained jurisdiction to deny the applications on October 29, 2012. Petitioners cannot retroactively strip USCIS of its jurisdiction by amending their complaint at this late

---

[1] Petitioners argue that their original complaint *did* invoke the Court's exclusive jurisdiction under § 1447(b) because it asserted jurisdiction arising under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.* (Reply in Supp. of Mot. to Amend 2–3, ECF No. 32). This general appeal to jurisdiction based on the immigration statutes does not vest the Court with exclusive jurisdiction, however; the critical inquiry is whether petitioners asked the Court to decide the naturalization applications *de novo*. *See Hovsepian*, 359 F.3d at 1161. Here, Petitioners' original complaint did not include such a request. (Compl., ECF No. 1).

date.

Accordingly, Petitioners' original claims seeking USCIS action are rendered moot by USCIS's binding adjudication of their naturalization applications. *See Hovsepian*, 359 F.3d at 1161. This Court also lacks jurisdiction to review Petitioners' applications under § 1447(b), as Petitioners demand in their proposed amended complaint, because that provision is now inapplicable in light of USCIS's valid denial.

*(2) Judicial Review of USCIS Denial of a Naturalization Application Under § 1421(c)*

Section 1421(c) permits a court to review *de novo* USCIS's denial of a naturalization application. Such review is only available, however, when the denial is confirmed after an administrative appeal. *See Kasica v. U.S. Dep't of Homeland Security, Citizenship and Immigration Services*, 660 F. Supp. 2d 277, 280 (D. Conn. 2009) ("The administrative hearing described in § 1447(a) is treated as a statutory exhaustion requirement and is a prerequisite to subject matter jurisdiction in district court.") (citations omitted).

Here, Petitioners filed administrative appeals with USCIS, (*see* Ex. A, Resp. in Opp'n to Mot. to Amend, ECF No. 28), but have yet to receive a final determination from the agency, such that *de novo* review under § 1421(c) would be premature. In sum, Petitioners' applications are languishing at a specific step in the administrative naturalization process during which judicial review is temporarily unavailable. The statutory and regulatory framework governing naturalization prescribes this brief reviewability gap and Petitioners may not circumvent the statutory scheme. *See Kasica*, 660 F. Supp. 2d at 283. Accordingly, this Court lacks subject matter jurisdiction to engage in the *de novo* review that Petitioners request in their proposed amended complaint.

***C. Jurisdiction to Review Petitioners' Constitutional and Statutory Challenges to USCIS's Handling of Medical Waiver Applications***

Petitioners also argue that this Court has jurisdiction to review claims in their proposed amended complaint that assert constitutional and statutory challenges to

1 USCIS's handling of requests for medical exception to the English language and U.S. history and civics portion of the naturalization exam. (Resp. in Opp'n to Mot. to Dismiss 19–21, ECF No. 24). Petitioners' proposed amended complaint alleges that USCIS's policy of denying properly completed requests for medical waiver violates the Fifth Amendment's Due Process clause, the Administrative Procedure Act, 5 U.S.C. §§ 553, 555(e), 701 *et seq.*, and the Freedom of Information Act, 5 U.S.C. § 552. (Proposed First Am. Compl. ¶¶ 22–23, ECF No. 26-3).

Petitioners rely on *McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479 (1991), to support their position, arguing that a district court has jurisdiction to hear constitutional and statutory challenges to immigration procedures, regardless of limits on judicial review prescribed by existing immigration statutes and regulations. (Resp. in Opp'n to Mot. to Dismiss 19–20, ECF No. 24). *McNary* is distinguishable, however. In that case, it was necessary for a court to have jurisdiction, otherwise the plaintiffs "would not as a practical matter be able to obtain meaningful judicial review of their application denials or their objections to INS procedures." *Kasica*, 660 F. Supp. 2d at 281. "Judicial review of naturalization determinations is entirely different. District courts have plenary authority to review naturalization proceedings, so long as an unsuccessful applicant first exhausts his . . . administrative remedies." *Id.*

Moreover, as the Government argues, Petitioners' challenge to USCIS procedures for dealing with medical waiver requests is premature. (Resp. in Opp'n to Mot. to Amend 4, ECF No. 28). Petitioners cannot bring a constitutional or statutory challenge to the process accorded by USCIS *before* availing themselves of that process. *See Kasica*, 660 F. Supp. 2d at 281. Should USCIS deny Petitioners' administrative appeals, only then may Petitioners seek judicial review of their constitutional and statutory claims pursuant to § 1421(c). Thus, the Court agrees with the Government that subject matter jurisdiction is lacking to entertain any of the claims asserted by Petitioners, either in the original or the proposed amended complaint. Accordingly, the Court **GRANTS** the Government's motion to dismiss.

**2. Motion to Amend**

Petitioners move for leave to amend their complaint to cure the jurisdictional defects identified by the Government's motion to dismiss. (Mot. to Amend 4–6, ECF No. 26). As discussed above, Petitioners' proposed amended complaint seeks *de novo* judicial review of their naturalization applications pursuant to § 1447(b), and also challenges USCIS's handling of medical waiver requests. (Proposed First Am. Compl., ECF No. 26-3).

A trial court may deny a motion for leave to amend based on various factors, including bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, Petitioners' motion to amend is futile because, as explained above, the posture of the action now before the Court is such that no amendment could remedy the lack of subject matter jurisdiction prior to Petitioners' completion of the administrative appeal process prescribed by § 1447(a). For this reason, the proposed amended complaint does not, in fact, cure any of the defects identified by the Government. Accordingly, the Court **DENIES** Petitioners' motion for leave to amend.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Government's motion to dismiss and **DENIES** Petitioners' motion to amend.

**IT IS SO ORDERED.**

DATED: May 30, 2013

Honorable Janis L. Sammartino
United States District Judge